08-20190.rr

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20190-CR-MARTINEZ/BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THOMAS JOHNSON,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

    This Cause is before the Court on the Defendant's Motion to Suppress Physical Evidence, filed May 23, 2008. The Court has reviewed the Motion and the Response. Additionally, an evidentiary hearing was held on June 12, 2008, and this Court adopts the transcript of that hearing by reference herein.

### Facts and Discussion

    Defendant moves to suppress a firearm, ammunition and narcotics, which he maintains were obtained as a result of an impermissible stop and search. As announced by the Court at the hearing, the motion should be denied.

    Detective John Saavedra, a Miami Dade Police Department Detective with six years of law enforcement experience testified that while on warrant duty on the night of November 27, 2007 in Opa Locka he received a tip from an anonymous complainant that narcotics were being sold in the area. He proceeded in his unmarked car to a location where he observed the Defendant, under a streetlight, speaking to another individual. While Defendant was engaged in that transaction, Det. Saavedra parked the car across the street approximately twenty yards away from Defendant, and through binoculars Det. Saavedra observed Defendant walk to a nearby apartment, then exit and return to the

1

same individual, who gave him what appeared to be U.S. currency in return for something Defendant handed him. This type of transaction occurred three times between Defendant and different individuals, with Defendant returning to the same apartment. On the third occasion, the Detective observed Defendant hand the individual a pink baggy.

Det. Saavedra contacted Sergeant Anthony Rodriguez and advised that he had observed Defendant engaged in what he believed, based on his experience, to be narcotics transactions. Sgt. Rodriguez arrived on the scene, got out of his car and identified himself as a police officer, at which time Defendant fled on foot to the apartment. After briefly pursuing the buyer, Det. Saavedra joined in the pursuit of the Defendant and observed Defendant run into the same apartment, followed by Sgt. Rodriguez and his partner. Both Det. Saavedra and Sgt. Rodriguez testified that they entered immediately behind the Defendant through the front door of the apartment, which was not locked.

The officers testified that Sgt. Rodriguez ordered Defendant to the ground and detained him, and then left him in the custody of Det. Saavedra while Sgt. Rodriguez detained two other individuals who were also in the house. Det. Saavedra arrested Defendant and then searched him, at which time he located a firearm in Defendant's waistband and a ten dollar bill in his pocket. Det. Saavedra also testified that he observed, in plain view, a plate on the kitchen counter which contained crack rocks and several pink baggies containing powder cocaine.

Based on the uncontroverted testimony of the officers, the Court finds that based on their observations of Defendant's actions and subsequent flight, they had probable cause to believe that Defendant was engaged in narcotics transactions, which allowed them to arrest Defendant without a warrant. See, e.g., United States v. Lyons, 403 F.3d 1248, 1253 (11th Cir. 2005) (quoting Michigan v. DeFillippo, 443 U.S. 31, 35 (1979)); see also United States v. Blasco, 702 F.2d 1315, 1324 (11th Cir.1983) ("Probable cause ... exists where the facts and circumstances within the collective knowledge of law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed."). Once Defendant was arrested, a search was properly conducted incident to his arrest

and resulted in the seizure of the firearm.  See, e.g., Lyons, 403 F.3d at 1253.

Defendant argues that there were not exigent circumstances to justify an entry into the apartment without a warrant.  The Supreme Court has recognized that an individual may not escape an arrest which has been commenced in a public place by escaping to a private place such as a residence.  See United States v. Santana, 427 U.S. 38, 43 (1976).  Accordingly, a warrantless entry into a residence by officers engaging in "hot pursuit" of a fleeing suspect, such as occurred in this case, is proper.  See, e.g., Brigham City v. Stuart, 547 U.S. 398, 403 (2006).

To the extent Defendant challenges the search of the apartment which resulted in the seizure of the narcotics, "[i]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable..." United States v. Chaves, 169 F.3d 687, 690 (11th Cir.), cert. denied, 528 U.S. 1022 (1999) (citing Minnesota v. Carter, 119 S. Ct. 469, 472 (1998)).  Defendant has failed to make such a showing.  Even if Defendant did have standing to contest the search of the apartment, the uncontested testimony was that the items were located in plain view and as such could be seized.  See, e.g., United States v. Holloway, 290 F.3d 1331, 1334 (11th Cir. 2002).

### Recommendation

Based on the foregoing, it is respectfully recommended that the Defendant's Motion to Suppress Physical Evidence be **DENIED**.

The parties have ten (10) days within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 13th day of June, 2008, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:     Honorable Jose E. Martinez

3